UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GREGORY POTTER,** | ) | |
| | ) | |
| Petitioner, | ) | No. 3:09-0350 |
| | ) | (Criminal Case |
| v. | ) | No. 3:01-00116-2) |
| | ) | Judge Echols |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

The petitioner, proceeding *pro se* and *in forma pauperis*, brings this action under 28 U.S.C. § 2241, naming the United States of America as the respondent.

A jury found the petitioner guilty in 2002 on 13 counts of an 18-count drug-related indictment, and he was sentenced to life imprisonment. *United States of America v. Thompson, et al.*, No. 3:01cr00116-2 (M.D. Tenn. Jul. 16, 2002) (Echols, J.). The Sixth Circuit affirmed the judgment of the district court, and the United States Supreme Court denied the petitioner's subsequent petition for a writ of *certiorari*. *Id*. at Docket Entry Nos. 148, 149.

The petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on July 2, 2004. *Potter v. United States of America*, 3:04-0587 (M.D. Tenn. June 8, 2005) (Echols, J.). The petitioner's motion under § 2255 was denied, and the action dismissed on June 8, 2005. *Id*. at Docket Entry No. 25. The petitioner's motion under Rule 60(b), Fed. R. Civ. P., filed on February 4, 2008, was denied the same day. *Id*. at Docket Entry Nos. 31, 33. On October 7, 2008, the Sixth Circuit denied the petitioner's application for permission to file a late appeal from the district court's judgment in his § 2255 action. *Id*. at Docket Entry No. 35.

In the instant action, the petitioner asks the Court to enter an order "reinstating . . . [the] time limit to appeal his dismissed 28 U.S.C. § 2255 motion." (Docket Entry No. 1, p. 2). The petitioner argues that he was in maximum security at the Riverbend Maximum Security Institution (RMSI)

when his prior § 2255 motion was dismissed,[1] that he had no access to the RMSI law library, that the necessary reference materials were not in the RMSI law library, and that the RMSI inmate legal assistant was unable to help because he had no prior federal litigation experience. (Docket Entry No. 1, pp. 1-2) According to the petitioner, these circumstances denied him his right to appeal in violation of the First and Fifth Amendments. (Docket Entry No. 1, p. 2).

The petitioner's argument above is the same argument that the Sixth Circuit rejected when the petitioner sought permission to file a late appeal from the dismissal of his § 2255 action. *Potter*, No. 3:04-0587 at Docket Entry No. 35, p. 2. This Court does not have the authority to disregard or overrule Sixth Circuit's determination on this issue. Even if it did, the result would be the same. As the Sixth Circuit explained in its Order, the time limits set forth in Rule 4(a), Fed. R. App. P. are mandatory and jurisdictional. Just as the Sixth Circuit did not have the authority to extend the time frame to perfect an appeal, neither does the district court.[2] For these reasons, the petition will be denied, and this action dismissed with prejudice.

An appropriate Order will enter.

Robert L. Echols
United States District Judge

---

[1] The petitioner was, and remains, incarcerated in state prison for a state conviction unrelated to his federal convictions.

[2] The Court notes for the record that the purpose of § 2241 is to challenge the execution of a sentence, or the manner in which a sentence is being served. *Muhammad Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). Section 2241 does not apply to matters such as the one raised by the petitioner. Accordingly, the petition also is subject to dismissal for failure to state a claim on which relief may be granted under § 2241.